## Ingerman v. Dietrick.

PLEADING.—*Evidence.*—*Instruction to Jury.*—Where, in an action on a promissory note, brought by the payee against the maker, a paragraph of answer alleged that the note was given for a certain machine sold by the plaintiff to the defendant, and set up as a defence a warranty and the breach thereof, and also fraudulent representations, it was error to instruct the jury that, to sustain said paragraph, there must be proof of the fraudulent representations alleged therein.

From the Hamilton Circuit Court.

*J. W. Evans* and *R. R. Stephenson,* for appellant.

DOWNEY, C. J.—This was an action by the appellee against the appellant on a promissory note executed by the appellant to the appellee.

Answer: 1. Want of consideration.

2. That the note was given for the right to use and sell a patent slaw or cabbage cutter in certain counties of this State. The paragraph alleges fraud in making the sale, and that the invention was not new and useful, whereby there has been a failure of the consideration of the note.

3. This paragraph of the answer was withdrawn.

4. That the consideration of the note was as stated in the second paragraph; that the invention was worthless; that the parties rescinded the contract; that the note was cancelled, and the deed for the patent was properly assigned over to the plaintiff and tendered to him, and the plaintiff

fraudulently and without right kept possession of the note.

5. The fifth paragraph sets up false representations and a warranty of the machine and a breach thereof.

Reply in denial. Trial by a jury, verdict for the plaintiff. Motion by the defendant for a new trial. Motion overruled. Final judgment for the plaintiff. The error assigned is the overruling of the motion for a new trial.

The first ground for a new trial urged by the appellant is this: on the trial, the defendant asked one Mosebaugh, a witness, this question: "Did or did not Dietrick, in his testimony on the trial of the Kepner and McGlore trials, in this court, in 1873, deny ever having any conversation whatever with you at the time and place mentioned in your testimony in this cause?"

The plaintiff objected, and the court refused to allow the witness to answer the question. We do not see that there was any substantial error in this ruling. Mosebaugh testified, on the trial of this cause, in contradiction of Dietrick as to the same conversation. We do not see that a repetition of the opposing statements, by showing that they occurred in the other cases, would add anything to the impeaching force of the evidence of the witness.

The next reason for a new trial was the giving of the twelfth instruction, as follows: "12. Or was the contract as stated in the fifth paragraph of the defendant's answer, and did the plaintiff make the false and fraudulent representations therein named, and did the defendant rely upon said representations, and was he damaged thereby? If so, the defendant should recover on that issue. If not, the plaintiff should recover on that issue," etc. The objection urged against the instruction is, that the fifth paragraph of the answer sets up as a defence a warranty and a breach of it, as well as fraud, while the instruction informs the jury, in substance, that, to sustain the paragraph, the defendant must prove false and fraudulent representations of the invention. It seems to us that the instruction is liable to the objection urged. The fifth paragraph of answer is clearly a paragraph

founded on an alleged warranty and the breach thereof, as well as false representations, and it was not necessary for the defendant in his evidence to go beyond the allegations of the warranty. He need not prove fraud to sustain the answer so far as it alleges a warranty.

Other questions presented by the motion for a new trial are argued, but we need not decide them. The questions may not again be presented.

The judgment is reversed, with costs; and the cause is remanded for a new trial.